UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MEARS TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> FINISAR CORPORATION, <br><br> Defendant. | Case No. 2:13-cv-376 JRG <br><br> **JURY TRIAL DEMANDED** |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF MEARS TECHNOLOGIES, INC.'S COMPLAINT

Defendant Finisar Corporation ("Finisar"), by and through its undersigned counsel, respectfully submits this Answer and Affirmative Defenses in response to Plaintiff MEARS Technologies, Inc.'s ("MEARS") Complaint filed May 6, 2013 (Dkt. No. 2) (the "Complaint").

1. Finisar lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 1 of the Complaint, and therefore denies them.

2. Finisar admits that the title on the face of U.S. Patent No. 6,141,361 (the "'361 Patent") is "Wavelength Selective Filter." Finisar lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 2 of the Complaint, and therefore denies them.

3. Finisar admits that it is organized under the laws of the state of Delaware with its principal place of business at 1389 Moffett Park Drive, Sunnyvale, CA 94089. Finisar further admits that it is registered to do business in the State of Texas. Finisar admits that it has a registered agent, CT Corporation System, located at 350 North St. Paul Street, Suite 2900, Dallas Texas 75201.

4. Finisar denies the allegations in paragraph 4 of the Complaint. Finisar specifically denies any allegations of infringement in paragraph 4 of the Complaint.

5. Finisar denies the allegations in paragraph 5 of the Complaint.

6. Finisar denies the allegations in paragraph 6 of the Complaint.

7. Finisar denies the allegations in paragraph 7 of the Complaint.

8. Finisar denies the allegations in paragraph 8 of the Complaint.

9. Finisar denies the allegations in paragraph 9 of the Complaint.

10. Finisar admits the allegations in paragraph 10 of the Complaint.

11. Finisar admits that it has previously asserted claims of patent infringement in this Judicial District. Finisar denies the remaining allegations in paragraph 11 of the Complaint.

12. The allegations in paragraph 12 of the Complaint constitute conclusions of law to which no response is required.

13. Finisar denies the allegations in paragraph 13 of the Complaint. For the reasons stated in detail in Finisar's motion filed on July 3, 2013 (Docket No. 11), Finisar has moved to transfer this action to the Northern District of California.

## Count I

14. Finisar incorporates its responses to paragraphs 1 through 13 of the Complaint as if fully set forth herein.

15. Finisar denies the allegations in paragraph 15 of the Complaint. Finisar specifically denies any allegations of infringement in paragraph 15 of the Complaint and any characterization of its products as infringing.

16. Finisar denies the allegations in paragraph 16 of the Complaint.

17. Finisar admits the allegations in the first sentence of paragraph 17 of the Complaint but denies the remaining allegations in paragraph 17 of the Complaint. Finisar

specifically denies any allegations of direct, indirect and willful infringement in paragraph 17 of the Complaint.

18. Finisar denies the allegations in paragraph 18 of the Complaint.

### **ANSWER TO MEARS' PRAYER FOR RELIEF**

Finisar denies that MEARS is entitled to any relief whatsoever, whether as sought in the Prayer for Relief of its Complaint or otherwise, in connection with this civil action.

### **GENERAL DENIAL**

Finisar denies each and every allegation contained in the Complaint that was not specifically admitted above.

### **AFFIRMATIVE DEFENSES**

As and for its Affirmative Defenses, and undertaking the burden of proof with respect to such Affirmative Defenses only to the extent required by law, Finisar hereby states as follows.

### **First Affirmative Defense**

### **(Non-Infringement)**

Finisar does not infringe and has not infringed, induced infringement of, or contributed to any infringement of any valid and enforceable claim of the '361 Patent, either literally or under the doctrine of equivalents.

### **Second Affirmative Defense**

### **(Invalidity Pursuant to Part II Of Title 35)**

The claims of the '361 Patent are invalid for failure to meet one or more of the conditions for patentability specified in Part II of Title 35, specifically including 35 U.S.C. §§ 101, 102 and/or 103 at least in view of U.S. Patents Nos. 4,790,654 and 5,504,757 and A.M. Weiner, D.E. Leaird, D.H. Reitze, and E.G. Paek, *Spectral Holography of Shaped Femtosecond Pulses*, Optics Letters, Vol. 17, No. 3 (1992).

### Third Affirmative Defense

### (Invalidity Pursuant to 35 U.S.C. § 112)

The claims of the '361 Patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 112.  For example, the patent does not enable or comply with the written description requirement for at least the phrase "spatial light modulator for displaying computer generated hologram patterns of data as a series combination of a first dynamically variable wavelength dispersive element, and a second static wavelength dispersive element" in claim 1 of the '361 Patent.

### Fourth Affirmative Defense

### (Equitable Defenses)

MEARS' claims are barred, in whole or in part, under the principles of equity, including laches, waiver, unclean hands, and/or estoppel.

### Fifth Affirmative Defense

### (Limitations on Damages and Costs)

MEARS' claims for relief and prayer for damages are limited by 35 U.S.C. § 287 because, on information and belief, MEARS has failed to mark products incorporating the technology claimed in the '361 Patent that it has sold or licensed within the United States and otherwise failed to provide any actual notice to Finisar.  MEARS is further barred by 35 U.S.C. § 288 from recovering any costs associated with this civil action.  To the extent MEARS seeks damages for alleged infringement more than six years prior to the filing of this civil action, its claims are additionally barred by the statute of limitations under 35 U.S.C. § 286.

**Sixth Affirmative Defense**

**(No Entitlement to Injunctive Relief)**

Although MEARS is not entitled to any relief whatsoever, MEARS is also not entitled to any injunctive relief as a matter of law because, at a minimum, MEARS cannot satisfy the legal requirements for such relief and MEARS would have an adequate remedy at law.

**Seventh Affirmative Defense**

**(Prosecution History Estoppel)**

MEARS' claims are barred, in whole or in part, based on prosecution history estoppel, for example, in connection with its October 25, 1999 amendments to the claims of the '361 Patent and the accompanying patentee's remarks submitted to the United States Patent and Trademark Office.

Finisar reserves the right to assert additional affirmative defenses that become available or appear during discovery proceedings in this action and reserves the right to amend its Answer and Affirmative Defenses for the purposes of asserting any such additional affirmative defense.

**FINISAR'S PRAYER FOR RELIEF**

WHEREFORE, Finisar prays for judgment in its favor and against MEARS as follows:

A. That MEARS take nothing by its Complaint;

B. That the Court enter judgment against MEARS and in favor of Finisar and that the Complaint in this action be dismissed in its entirety, with prejudice;

C. That the Court deem this an exceptional case under 35 U.S.C. § 285 and award Finisar its costs and reasonable attorneys' fees; and

      D.      That the Court award Finisar any and all other and further relief that the Court deems just and proper.

## JURY DEMAND

Finisar respectfully demands a jury trial on all the issues so triable.

Dated: July 14, 2013                    Respectfully submitted,

                                                  /s/ *Harry L. Gillam*, Jr.
                                                  Harry L. Gillam, Jr.
                                                  GILLAM & SMITH LLP
                                                  303 South Washington Avenue
                                                  Marshall, Texas 75670
                                                  Phone: (903) 934-8450
                                                  Fax: (903) 934-9257
                                                  gil@gillamsmithlaw.com

*Of Counsel*:

David C. Radulescu
Tigran Vardanian
Gregory S. Maskel
RADULESCU LLP
136 Madison Avenue, 6th Floor
New York, NY 10016
Phone: (646) 502-5950
Fax: (646) 502-5959
david@radulescullp.com
tigran@radulescullp.com
greg@radulescullp.com

*Attorneys for Defendant Finisar Corporation*

## **CERTIFICATE OF SERVICE**

       The undersigned certifies that the foregoing document was filed and/or served electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on July 14, 2013.

                                        */s/ Harry L. Gillam, Jr.*
                                        HARRY L. GILLAM, JR.