IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| MEARS Technologies, Inc., | |
|---|---|
| Plaintiff, | |
| v. | Civil No. 2:13-CV-00376 |
| FINISAR CORPORATION, | JURY TRIAL DEMANDED |
| Defendant. | |

**PLAINTIFF'S SECOND MOTION FOR LEAVE TO FILE
AMENDED INFRINGEMENT CONTENTIONS**

Plaintiff MEARS Technologies, Inc. ("Mears") files this second motion for leave pursuant to Local P. R. 3-6(b) to file the attached Exhibit A, Amended Infringement Contentions. The Amended Infringement Contentions track Mears' infringement position reflected in its letter brief for summary judgment on the issue of infringement dated June 25, 2014 [ECF Docket No. 78]. P. R. 3-6(a)(1) permits amendment of infringement contentions as a matter of right within 30 days of the issuance of the Court's claim construction ruling, which issued on June 17, 2014 [ECF Docket No. 74.], and Mears disclosed its infringement position only eight days later, thus conforming to the spirit of the rule. Mears thus respectfully requests that the Court exercise its discretion to allow the corresponding amendment to the infringement contentions now.

*Standard for Granting Leave to Amend*

This Court considers the following factors in determining whether to allow a party to amend its infringement contentions, a determination in which the Court has broad discretion: 1) the explanation for the party's failure to meet the deadline; 2) the importance of what the Court is excluding; 3) the potential prejudice if the Court allows the thing that would be excluded; and 4) the availability of a continuance to cure such prejudice. *Lake Cherokee Hard Drive*

*Technologies, LLC v. Bass Computers, Inc.*, 2:10-cv-216, (July 2, 2012) [ECF Docket No. 259] at 3. As demonstrated below, these factors support Mears' request to amend the contentions.

   1. <u>Explanation for Failure to Comply with the Deadline</u>

Mears failed to file its amended infringement contentions due to counsel's docketing error. Harvey Decl. ¶ 2. Unlike deadlines that are set by the Court in its scheduling orders and automatically entered through operation of the docketing application, the deadline triggered by issuance of the claim construction decision required human intervention to insert into the case's pretrial calendar. Harvey Decl. ¶ 3. Here, the decision itself was entered in the pleadings books, but the team failed to add the new deadline into the firm's docket control system. Harvey Decl. ¶ 4. As a result, the time for filing an amendment without leave had lapsed before the error was discovered. Harvey Decl. ¶ 5.

   2. <u>The Importance of What the Court Would Be Excluding</u>

The purpose of the proposed amendment is to bring Mears' infringement contentions in line with the Court's construction of the "spatial light modulator" ("SLM") limitation. Precluding this amendment would effectively mean that Mears will be unable to maintain its infringement claim. Obviously, then, the proposed amendment reflecting Mears' amended infringement position is of paramount importance to Mears.

   3. <u>There is No Prejudice to Finisar from Amendment</u>

As noted above, on June 25, 2014, Mears put forth its infringement position, amended in light of this Court's construction of the SLM limitation, a mere eight days after the Court issued its claim construction ruling. As such, Finisar was on notice of Mears' amended infringement position as of that time, *i.e.*, well within the 30 days for amending infringement contentions provided for by P. R. 3-6(a)(1). Finisar would therefore suffer ***no*** prejudice should Mears now

be allowed to amend its infringement contentions solely to correspond to the infringement position set forth in Mears' June 25, 2014 letter brief.

    4.    <u>The Availability of a Continuance</u>

As explained above, the proposed amendment to Mears' infringement contentions simply tracks Mears' infringement position set forth in its letter brief. As such, Finisar should require no addition time to address such infringement position, as Finisar was in possession of the letter brief well within the 30 days to amend infringement contentions provided for in P. R. 3-6(a)(1).

*Conclusion*

For the foregoing reasons, Mears respectfully requests the Court grant it leave to file the attached Exhibit A, Amended Infringement Contentions.

Date: August 19, 2014                                              Respectfully submitted,

<u>*/s/ George C. Summerfield*</u>
George C. Summerfield
Rolf O. Stadheim
Kyle L. Harvey
STADHEIM & GREAR LTD.
400 N. Michigan Avenue, Suite 2200
Chicago, Illinois 60611
Telephone: 312-755-4400

Andrew W. Spangler
SPANGLER LAW, P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
Telephone: 903-753-9300

*Attorneys for Plaintiff*
*MEARS Technologies, Inc.*

# CERTIFICATE OF CONFERENCE

The parties met and conferred on the issues in this issue multiple times and engaged in good faith discussions to resolve the dispute. On August 13, 2014, the parties first met and conferred telephonically regarding the relief requested in the Motion and were unable to reach any compromise or resolution. Messrs. Dave Radulescu, Lead Counsel for Finisar, Tigran Vardanian, Etai Lahav, counsel for Finisar and Gil Gillam, local counsel for Finisar participated. Mr. George Summerfield, lead counsel for Mears, Kyle Harvey, additional counsel for Mears and Andrew Spangler, local counsel for Mears also participated. On August 15, 2014, the parties met and conferred in person in Dallas, Texas and still were unable to compromise. Attending the meeting were Tigran Vardanian and Bobby Lamb, counsel for Finisar and George Summerfield and Andrew Spangler, counsel for Mears. During the conferences, Mears explained its position in great detail regarding why it believed amendment was consistent with the local rule. Finisar made clear its position that the infringement contentions were limited in a manner different than the scope articulated herein. After careful discussion no compromise or resolution could be reached. Accordingly, Court intervention is required to address this critical issue.

*/s/ George C. Summerfield*
George C. Summerfield

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 19th day of August, 2014, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

*/s/ George C. Summerfield*
George C. Summerfield