**CONFIDENTIAL – FILED UNDER SEAL**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MEARS TECHNOLOGIES, INC.,<br><br>                  Plaintiff,<br><br>    v.<br><br>FINISAR CORPORATION,<br><br>                  Defendant. | Case No. 2:13-cv-376-JRG<br><br>**FILED UNDER SEAL** |

**FINISAR CORPORATION'S MOTION TO STRIKE PORTIONS OF THE
<u>INFRINGEMENT EXPERT REPORT OF DR. GEORGE N. ROUSKAS</u>**

**CONFIDENTIAL – FILED UNDER SEAL**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................ 1

II. BACKGROUND ......................................................................................................... 2

   A. Mears's August 22, 2013 Infringement Contentions ............................................. 3

      1. The Accused Products as of August 2013 .................................................. 3

      2. Mears's August 2013 Infringement Theory ................................................ 3

   B. The Court's Claim Construction Opinion .............................................................. 5

   C. Dr. Rouskas's Infringement Expert Report ............................................................ 5

      1. Newly-Accused Finisar Products .................................................................. 5

      2. Previously Undisclosed Infringement Theory ............................................. 6

   D. Mears's First Motion For Leave To Amend its Infringement Contentions ............. 7

   E. Mears's Second Motion For Leave To Amend Its Infringement Contentions ........ 7

III. LEGAL STANDARDS ............................................................................................... 8

IV. ARGUMENT ............................................................................................................... 9

   A. The Court Should Strike Portions Of the Rouskas Report To The Extent That They Accuse New Products Of Infringement ........................................................... 9

   B. The Court Should Strike Portions of the Rouskas Report to the Extent that They Set Forth New Infringement Theories ................................................................ 10

V. CONCLUSION ........................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*American Video Graphics, L.P. v. Elec. Arts, Inc.*,
  359 F. Supp. 2d 558 (E.D. Tex. 2005) ......................................................................... 8

*Anascape, Ltd. v. Microsoft Corp.*,
  2008 WL 7180756 (E.D. Tex. May 1, 2008) ............................................................... 9

*Cardsoft, Inc. v. Verifone Sys., Inc.*,
  No. 2:08-cv-98, (E.D. Tex. June 3, 2012) ....................................................... 8, 11, 12

*Computer Acceleration Corp. v. Microsoft Corp.*,
  503 F. Supp. 2d 819 (E.D. Tex. 2007) ......................................................................... 8

*Connectel, LLC v. Cisco Sys., Inc.*,
  391 F.Supp.2d 526 (E.D. Tex. 2005) ........................................................................... 8

*EON Corp. IP Holdings, LLC v. Sensus USA Inc.*,
  2010 WL 346218 (E.D. Tex. Jan. 21, 2010) ................................................................ 9

*Eon Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*,
  No. 6:10-cv-379, (E.D. Tex. Aug. 23, 2012) .......................................................... 8, 10

*Fujitsu Ltd. v. Tellabs, Inc.*,
  2013 WL 2300782 (N.D. Ill. May 24, 2013) ............................................................... 9

*IXYS Corp. v. Advanced Power Tech., Inc.*,
  2004 WL 1368860 (N.D. Cal. June 16, 2004) ............................................................. 8

*Linex Techs., Inc. v. Belkin Int'l, Inc.*,
  628 F. Supp. 2d 703 (E.D. Tex. 2008) ......................................................................... 8

*Minerva Industries, Inc. v. Motorola, Inc.*,
  2010 WL 446502 (E.D. Tex. 2010) ........................................................................... 11

*Orion IP, LLC v. Staples, Inc., et al.*,
  No. 2:04-cv-297, (E.D. Tex. July 7, 2005) .................................................................. 8

*Visto Corp. v. Seven Networks, Inc.*,
  2006 WL 5153146 (E.D. Tex. Mar. 27, 2006) ............................................................ 9

**Rules**

Fed. R. Civ. P. 26(a)(2)(B) ................................................................................................ 9

**CONFIDENTIAL – FILED UNDER SEAL**

Defendant Finisar Corporation ("Finisar"), by and through its counsel, respectfully moves to strike the portions of the July 28, 2014 Infringement Expert Report of Dr. George N. Rouskas ("Rouskas Report") that introduce unauthorized, untimely, and prejudicial infringement theories and newly accused Finisar products.

## I.     INTRODUCTION

Portions of the Rouskas Report should be struck because it provides opinions on (1) newly accused products and (2) new theories of infringement that were not disclosed in Mears's infringement contentions. The Court has not granted leave to expand the case to these new products and infringement theories, and thus the Rouskas Report almost in its entirety addresses subject matter that is not at issue in the case. The parties are nearing the end of expert discovery and with trial just a few short months away, Mears should not be allowed to greatly expand the scope of the accused products in this case and completely re-do its infringement theory, without the Court's permission, without good cause shown, through the back door of an expert report.

The Rouskas Report, submitted on the last day of fact discovery, provides opinions regarding *over a hundred* Finisar products that have not been accused in Mears' infringement contentions. Mears has belatedly moved for leave to amend its infringement contentions to supplement its contentions with the newly accused WSS products ("First Motion to Amend"). *See* D.I. 85. The First Motion to Amend in itself is admission that the newly added products cannot be accused in the case without leave of Court. The Court has not ruled on the First Motion to Amend, and should deny it for all the reasons detailed in Finisar's opposition to that motion, *see* D.I. 92, including Mears' failure to show diligence and the prejudice to Finisar.

The Rouskas Report also focuses on theories of infringement that Mears does not have leave of Court to pursue in this case. In a motion that was filed on August 19, 2014, even later than the First Motion to Amend, after the close of fact discovery, *after* submitting the Rouskas

1

Report, and over two months after the Court's claim construction ruling, Mears asks the Court for the first time to allow it to amend its contentions to completely change its infringement theory in this case (Second Motion to Amend). *See* D.I. 95. The Second Motion to Amend in and of itself is an admission that the case must be limited to the theory which Mears has disclosed in its original and still current infringement contentions and which it has been pursuing for over a year, throughout the entire discovery period. Mears also admits that its claims against Finisar cannot survive under the theory that is disclosed in its infringement contentions: "Precluding this amendment would effectively mean that ***Mears will be unable to maintain its infringement claim***." *See id*. at 2. In an apparent attempt to prevent this, ignoring the rules and the practice of the Court, Mears introduced its new infringement theories in the Rouskas Report.

Finisar will inevitably suffer significant prejudice if Mears is allowed to repeatedly flout this Court's Rules by introducing new contentions that were never part of this case. Thus, and for the reasons set forth below, the Court should strike the untimely infringement theories and references to newly accused products disclosed in the Rouskas Report.

## II.     BACKGROUND

Mears asserts two claims in this case from a single patent: U.S. Patent No. 6,141,361 (the "'361 Patent").[1]  Claim 1 is the only independent claim asserted:

1. A tunable filter for polychromatic optical radiation comprising an electronically programmable **spatial light modulator** for displaying computer generated hologram patterns of data as a **series combination** of a first **dynamically variable wavelength dispersive element,** and a second **static wavelength dispersive element.** '361 Patent, Claim 1 (emphasis added).

---

[1] Mears originally asserted four claims, but has since narrowed its assertion to two claims: 1 and 13.

A.     Mears's August 22, 2013 Infringement Contentions

Mears served its patent infringement contentions ("PICs") on August 22, 2013, setting forth both its theory of infringement and its allegation that only Finisar WaveShaper products infringe the '361 Patent. *See* Exh. 1 (Mears's Patent Infringement Contentions); *see also* Exh. 2 (Mears's P.R. 3-1(c) Infringement Chart).

1.     The Accused Products as of August 2013

In its August 2013 contentions, Mears accused of infringement only Finisar's WaveShaper products, and products incorporating the WaveShaper.[2] Mears's P.R. 3-1(c) Infringement Chart is entitled, "Infringement Chart; Mears Technologies US Patent 6,141,361 and Finisar's WaveShaper" and only applied the asserted claims to *two* specific WaveShaper products: WaveShaper 1000E and WaveShaper 4000E. Exh. 2 (Mears's P.R. 3-1(c) Infringement Chart) at MEARS0000130-131.

2.     Mears's August 2013 Infringement Theory

In its August 2013 contentions, Mears identified the "LCoS" within the WaveShaper products as both the "spatial light modulator" ("SLM")" as well as the "first dynamically variable wavelength dispersive element" of claim 1, and contended that the separate and standalone "grating" in the WaveShaper products corresponds to the "second static wavelength selective element" in claim 1:

---

[2] The operative facts regarding the newly accused Finisar products are discussed in greater detail in Finisar's Opposition to Mears's currently pending Motion For Leave To Amend Infringement Contentions. *See* D.I. 92 (Finisar's Opp. to Mears's Motion for Leave).

| US Patent 6,141,361 | Finisar WaveShaper 1000E and 4000E |
|---|---|
| an electronically programmable spatial light modulator for displaying computer generated hologram patterns of data | The LCoS optical element of the WaveShaper 1000E and 4000E displays phase images that are patterns of data (video image) generated by the WaveShaper's video-processing circuitry (computer). These phase images are holograms as defined in the '361 patent ("digital binary-phase pixellated images")<br><br>==The LCoS element controls (modulates) the phase of incoming light, hence it is a spatial light modulator (SLM).== Furthermore, the phase image displayed by the SLM (LCoS) is electronically programmable via the video-processing circuitry of the WaveShaper. |

| US Patent 6,141,361 | Finisar WaveShaper 1000E and 4000E |
|---|---|
| as a series combination of a first dynamically variable wavelength dispersive element, | The WaveShaper 1000E and 4000E comprises two elements, ==the LCoS optical processor and a conventional grating, in a series combination in that light first is sent to (and reflected by) the conventional grating and then is directed to the LCoS (Figure 2).==<br><br>Specifically, after entering the WaveShaper from the fibre array, light is directed from the mirror to the conventional grating. The conventional grating is reflective and reflects the light back to the mirror. Due to diffraction at the grating, light returning to the mirror has separated into different wavelengths (denoted by the red and blue colors in Figure 2). The mirror then directs each wavelength to a different portion of the LCoS.<br><br>The LCoS controls "the phase of light at each pixel to produce an electrically-programmable grating." The image applied to the LCoS determines the angular dispersion of each wavelength as it is reflected from the LCoS. ==The LCoS corresponds to the first dynamically variable wavelength dispersive element of this claim limitation.== |

| US Patent 6,141,361 | Finisar WaveShaper 1000E and 4000E |
|---|---|
| and a second static wavelength dispersive element. | The conventional grating of the WaveShaper (Figure 2) reflects and angularly disperses the wavelengths of the light directed to it, as indicated by the red and blue colors in the figure. The grating is "conventional," or static, as opposed to the "electrically-programmable" grating produced by the LCoS. ==The conventional grating of the WaveShaper corresponds to the second static wavelength dispersive element of the claim.== |

Exh. 2 (Mears's P.R. 3-1(c) Infringement Chart) at 4, 6, 9.

Thus, until recently, Mears contended that Finisar's WaveShaper products infringe because they contain an LCoS SLM on the one hand and a separate "conventional grating" on

the other hand in a series combination.

### B. The Court's Claim Construction Opinion

The Court issued its claim construction order on June 17, 2014, adopting Finisar's position that the first dynamically variable wavelength dispersive element and the second static wavelength dispersive element of Claim 1 of the '361 Patent must be located *in* the spatial light modulator. D.I. 74 (Court's Claim Construction Order) at 22-23. Mears argued for its proposed construction that "the specification limits the spatial light modulator to just the first dispersive element and excludes the second dispersive element." *Id.* at 23. The Court disagreed, stating that "the claim language … combined with the Applicants' explanation of such language, make clear that both dispersive elements are *'in the spatial light modulator'*" *Id.* (emphasis added).

### C. Dr. Rouskas's Infringement Expert Report

On July 28, 2014, the final day of fact discovery, Mears served Finisar with the Rouskas Report. In contravention of the Court's Local Patent Rules, Dr. Rouskas rendered several opinions that improperly exceed the scope of Mears's PICs.

#### 1. Newly-Accused Finisar Products

The Rouskas Report contains opinions regarding products that had not previously been accused of infringement in this case. Specifically, Dr. Rouskas purported to offer opinions in connection with "Finisar's DWP50, DWP100, and EWP wavelength selective switches (WSS) used in reconfigurable optical add drop multiplexer (ROADM) applications." Exh. 3 (Rouskas Report) at 1-2. These product families are not within the scope of Mears's August 2013 contentions which instead accuse only WaveShaper products: "Finisar's WaveShaper wavelength selective switch products, including models 1000E and 4000E, and products containing them, e.g., ROADM line cards." Exh. 1 (Mears's Patent Infringement Contentions) at 1; *see also* Exh. 2 (Mears's P.R. 3-1(c) Infringement Chart) at Title Page ("Infringement Chart;

5

Mears Technologies US Patent 6,141,361 and Finisar's WaveShaper.").

## 2. Previously Undisclosed Infringement Theory

In addition, in his infringement report, Dr. Rouskas introduced a new theory of infringement: that the "LCoS element" ***and*** the "conventional grating" in Finisar's accused products ***together*** correspond to the SLM limitation in the claims. Exh. 3 (Rouskas Report) at 5-6. That is, Dr. Rouskas opined that the "conventional grating" is ***in*** the SLM. This directly contradicts Mears's August 2013 infringement contentions, which allege that the LCoS is the SLM and is distinct from the "conventional grating." Exh. 1 (Mears's Patent Infringement Contentions) at 4, 6, 9.

Along with this new infringement theory, Dr. Rouskas relied on new figures to depict the accused products as having an "LCoS array" and a "conventional grating" located within a "spatial light modulator":



Exh. 3 (Rouskas Report) at 5.

In contrast, and consistent with Mears's August 2013 infringement theory the figures relied upon in Mears's August 2013 contentions show that the "conventional grating" (marked

6

red below) and the LCoS (marked blue below) are separate and distinct elements, consistent with:



Figure 2: Schematic layout of the WaveShaper 4000E

Exh. 1 (Mears's Patent Infringement Contentions) at 7.

### D. Mears's First Motion For Leave To Amend its Infringement Contentions

Almost one year after filing its original infringement contentions, Mears filed a motion for leave to amend its contentions to add over 100 newly-accused products to this case—specifically, products within the DWP and EWP WSS product families. D.I. 85. Mears did not attach any proposed amended contentions to its motion or any claim charts showing the application of the asserted claims to any newly accused products. In view of this motion, there can be no dispute that the original infringement contentions did not encompass the DWP and EWP WSS products. As explained in Finisar's opposition brief, Mears cannot show good cause to amend its contentions and the Court should deny the motion.

### E. Mears's Second Motion For Leave To Amend Its Infringement Contentions

On August 19, 2014, Mears filed a second motion for leave to amend its contentions, in a purported attempt to conform the infringement theories in its PICs to the infringement theories disclosed in the Rouskas Report. This motion was filed over two months after the court's claim

construction order.[3] As will be explained in Finisar's opposition brief, Mears cannot show good cause to amend its contentions and the Court should deny this motion as well.

## III. LEGAL STANDARDS

The Local Patent Rules of this District "exist to further the goal of full, timely discovery and provide all parties with adequate notice of and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush." *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007) (quoting *IXYS Corp. v. Advanced Power Tech., Inc.*, No. 02-CV-03942, 2004 WL 1368860, at *3 (N.D. Cal. June 16, 2004)). The Rules "requir[e] plaintiffs to disclose their [] infringement contentions before discovery has even begun." *American Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005). Proper infringement contentions provide a defendant with notice of a plaintiff's infringement theories. *Linex Techs., Inc. v. Belkin Int'l, Inc.*, 628 F. Supp. 2d 703, 706 (E.D. Tex. 2008). This notice focuses discovery and narrows issues for claim construction, summary judgment, and trial. *Connectel, LLC v. Cisco Sys., Inc.*, 391 F.Supp.2d 526, 526 (E.D. Tex. 2005). "The scope of discovery is [then] defined by the initial disclosures made in a plaintiff's PICs." *Orion IP, LLC v. Staples, Inc., et al.*, No. 2:04-cv-297, D.I. 171 at 3-4 (E.D. Tex. July 7, 2005).

Expert infringement reports may not introduce theories not previously set forth in infringement contentions and must be struck if they do. *See Cardsoft, Inc. v. Verifone Sys., Inc.*, No. 2:08-cv-98, D.I. 371 (E.D. Tex. June 3, 2012) (striking expert report because it added a new infringement theory); *Eon Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, No. 6:10-cv-379, D.I.

---

[3] Mears blames its delay on "counsel's docketing error." D.I. 95 (Mears's Second Motion For Leave) at 2. As will be demonstrated in Finisar's as-yet unfiled opposition to this motion, this explanation is questionable at best, but more importantly, it is unavailing given the posture of this case.

964 (E.D. Tex. Aug. 23, 2012) (striking expert report because it accused new products that were not accused in the contentions); *Fujitsu Ltd. v. Tellabs, Inc.*, No. 09-cv-4530, 2013 WL 2300782 (N.D. Ill. May 24, 2013) (applying the E.D. Tex Local Patent Rules and striking portions of expert report); *Anascape, Ltd. v. Microsoft Corp.*, No. 9:06-CV-158, 2008 WL 7180756, at *4 (E.D. Tex. May 1, 2008) (striking portions of expert report that exceeded scope of invalidity contentions); *Visto Corp. v. Seven Networks, Inc.*, No. 2:03-CV-333, 2006 WL 5153146, at *1 (E.D. Tex. Mar. 27, 2006) (striking portions of expert report relying on prior art not disclosed in invalidity contentions). The scope of infringement contentions and expert reports are not, however, coextensive. Infringement contentions need not disclose "specific evidence nor do they require a plaintiff to prove its infringement case," *EON Corp. IP Holdings, LLC v. Sensus USA Inc.*, No. 6:09-cv-116, 2010 WL 346218, at *2 (E.D. Tex. Jan. 21, 2010), whereas expert reports must include a complete statement of the expert's opinions, the basis and reasons for them, and any data or other information considered when forming them. Fed. R. Civ. P. 26(a)(2)(B).

IV. **ARGUMENT**

    A. **The Court Should Strike Portions Of the Rouskas Report To The Extent That They Accuse New Products Of Infringement**

Mears should not be permitted to introduce hundreds of newly accused products into this case through the Rouskas Report. The opinions in the Rouskas Report regarding "Finisar's DWP50, DWP100, and EWP wavelength selective switches (WSS)" are new and are outside the scope of Mears's infringement contentions. This is conclusively demonstrated by the fact that Mears filed an ultimately futile motion to amend its infringement contentions to add these exact

products to the case.[4]  Mears's contentions instead accuse only "Finisar's WaveShaper wavelength selective switch products, including models 1000E and 4000E, and products containing them, e.g., ROADM line cards." Exh. 1 (Mears's Patent Infringement Contentions) at 1; *see also* Exh. 2 (Mears's P.R. 3-1(c) Infringement Chart) at Title Page ("Infringement Chart; Mears Technologies US Patent 6,141,361 and Finisar's WaveShaper.").

Courts in this District have repeatedly struck expert reports on the same facts. *See Eon Corp.*, No. 6:10-cv-379, D.I. 964 at 2.  In *Eon Corp.*, the court granted T-Mobile USA's motion to strike portions Eon Corp.'s expert report that discussed two newly accused products, the 1000 Wireless Network Controller and the 5060 Wireless Call Server, because those products "should have been timely disclosed pursuant to P.R. 3-1." No. 6:10-cv-379, D.I. 964 at 5-6.

Thus, the Court should strike the portions of the Rouskas Report that discuss newly accused products that were not disclosed in Mears's infringement contentions, including the second paragraph of page one and the third paragraph of page four discussing WSS products. *See* Exh. 3 (Rouskas Report) at 1-2.

### B. The Court Should Strike Portions of the Rouskas Report to the Extent that They Set Forth New Infringement Theories

The infringement theory disclosed in the Rouskas Report cannot be reconciled with Mears's August 2013 PICs and must therefore be struck.  Mears's PICs contend that the LCoS element is both the claimed "spatial light modulator" and the "dynamically variable wavelength dispersive element," and that the separate "conventional grating" is the claimed "second static wavelength dispersive element." Exh. 1 (Mears's Patent Infringement Contentions) at 4, 6, 9.  In contrast, Dr. Rouskas opines that the "conventional grating" is *in* the spatial light modulator and

---

[4] A detailed discussion about Mears's newly added products is provided in Finisar's Opposition to Mears's Motion For Leave To Amend Infringement Contentions. *See* D.I. 92 (Finisar's Opp. to Mears's Motion for Leave).

10

that the spatial light modulator is a combination of the LCoS element and the "conventional grating." These theories cannot be squared.

Mears has admitted at least twice that it is now pursuing a new infringement theory, not previously disclosed in its PICs. First, in its opposition to Finisar's Letter Brief requesting leave to file a motion for summary judgment, Mears stated that its PICs "reflect[]a theory of infringement using Mears's construction of the asserted claims," D.I. 86-1 (Mears's Letter Brief In Opposition To Finisar's Letter Brief Seeking Leave To Move For Summary Judgment Of Non-infringement) at 2-3, whereas, the Rouskas Report purports to apply the Court's construction. Exh. 3 (Rouskas Report) at 2. Second, Mears moved the Court for leave to amend its infringement contentions on Aug. 19, 2014[5] to assert this new theory.

Mears may not introduce a new infringement theory in its expert's report without a corresponding amendment of contentions. *See Cardsoft*, No. 2:08-cv-98, D.I. 371 at 1 (striking expert report because it added a new infringement theory); *Minerva Industries, Inc. v. Motorola, Inc.*, 2010 WL 446502, at *14 n.2 (E.D. Tex. 2010) ("On December 31, 2009, which was over two months after Minerva filed its claim construction reply brief and less than a week before the scheduled *Markman* hearing, Minerva asserted a new theory. . . . This last-minute revelation of a new theory violates the Local Patent Rules, and thus it will not be considered by the court. *See* P.R. 4-5."). In *Cardsoft*, the plaintiffs attempted to submit a supplemental expert report with infringement theories that were not disclosed in its contentions. No. 2:08-cv-98, D.I. 371 at 1. The plaintiffs argued that they should be allowed to admit the new infringement opinions to rebut non-infringement opinions that were not disclosed in the defendants' interrogatory

---

[5] This is Mears's second motion for leave to amend. *See* D.I. 95. As noted earlier, its first motion for leave was filed on July 28, 2014 and attempts to add the newly accused products to its contentions. *See* D.I. 85.

responses. *Id.* The court struck the plaintiff's supplemental report on infringement because it introduce[ed] a new opinion on infringement under the doctrine of equivalents stating that the court would exclude any of the defendants' improper opinions upon a proper motion or objection at trial. *Id.* Thus, Mears is limited to its original and only contentions and the portions of its expert report that exceed those contentions should be struck, including the first, second, and third paragraphs on page six.

Mears should not be permitted to continually "hide the ball" and change its infringement theories. The Court should strike the portions of the Rouskas Report that introduce unauthorized, untimely, and prejudicial infringement theories.

## V.     CONCLUSION

For the aforementioned reasons, the Court should strike the portions of the Rouskas Report that introduce newly introduced infringement theories and that discuss newly accused products.

Dated: August 22, 2014                                  Respectfully submitted,

                                                        /s/ *Etai Lahav*

                                                        David C. Radulescu
                                                        david@radulescullp.com
                                                        Tigran Vardanian
                                                        tigran@radulescullp.com
                                                        Etai Lahav
                                                        etai@radulescullp.com
                                                        Gregory S. Maskel
                                                        greg@radulescullp.com
                                                        RADULESCU LLP
                                                        136 Madison Avenue, 6th Floor
                                                        New York, NY 10016
                                                        Phone: (646) 502-5950
                                                        Fax: (646) 502-5959

                                                        Harry Gillam
                                                        GILLAM & SMITH LLP
                                                        303 South Washington Avenue

Marshall, Texas 75670  
Phone: (903) 934-8450  
Fax: (903) 934-9257  
gil@gillamsmithlaw.com

*Attorneys for Defendant Finisar Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of the foregoing motion via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail on this same date.

/s/ *Etai Lahav*  
Etai Lahav

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned certifies that the foregoing document is authorized to be filed under seal pursuant to the Protective Order in this case (D.I. 39).

/s/ *Etai Lahav*  
Etai Lahav