IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MEARS TECHNOLOGIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | CASE NO. 2:13-cv-376-JRG |
| v. | § | |
| | § | |
| FINISAR CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## ORDER

Before the Court are Plaintiff Mears Technologies, Inc.'s Motion for Leave to Amend Infringement Contentions and Second Motion for Leave to File Amended Infringement Contentions (Dkt. No. 85 and 95, respectively). Having considered the parties' briefing and the evidence in the record, the Court **GRANTS** Plaintiff's Motion for Leave to Amend (Dkt. No. 85), but **DENIES** Plaintiff's Second Motion for Leave to File Amended Infringement Contentions (Dkt. No. 95).

**I.  BACKGROUND**

Plaintiff Mears Technologies, Inc. ("Mears") filed this action against Defendant Finisar Corporation ("Finisar") on May 6, 2013, alleging infringement of U.S. Patent No. 6,141,361 (the "'361 Patent"). Mears served its original infringement contentions on August 22, 2013. Mears now seeks leave of the Court to amend its contentions in two respects. In its first motion (Dkt. No. 85), Mears seeks leave to amend its contentions in order to expressly accuse Finisar's "wavelength selective switch" or "WSS" products, as opposed to only those WSS products sold under the "WaveShaper" trademark. Dkt. No. 85. In its second motion (Dkt. No. 95), Mears

1

seeks leave to amend its contentions in order to account for the Court's construction of the term "spatial light modulator."

## II. DISCUSSION

Local Patent Rule 3-6 provides that a party's infringement contentions "shall be deemed to be that party's final contentions," and allows for amendment without leave of the Court only where "a party claiming patent infringement believes in good faith that the Court's Claim Construction Ruling so requires." P.R. 3-6(a)(1). However, if a party intends to serve amended contentions under P.R. 3-6(a), it must do so "not later than 30 days after service by the Court of its Claim Construction Ruling." *Id.*

In all other circumstances, the party seeking to amend its contentions must make a showing of good cause pursuant to P.R. 3-6(b). The Court has broad discretion to grant or deny such a motion to amend, and considers four factors in making its determination: (1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded if the proposed amendment is not allowed; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *See S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003).

### A. Finisar's First Motion to Amend (Dkt. No. 85)

Mears argues that its first motion merely clarifies the scope of its original contentions. Specifically Mears seeks to expressly include all of Finsar's WSS products—not only those sold under the "WaveShaper" trademark—within its infringement contentions. Dkt. No. 85 at 1-2. According to Mears, any ambiguity with respect to the scope of its original contentions is attributable to the admittedly erroneous belief that all of Finisar's WSS products were sold under such a mark. *Id.* Mears further argues that it only recently learned that the vast majority of

Finisar's WSS product are not sold under the WaveShaper mark; that both it and Finisar previously treated all WSS products as being accused of infringement; and that all of Finisar's WSS products incorporate functionally identical technology and.  *Id.*

Finisar disagrees, arguing that : (1) Mears' proposed amendment would add more than 100 new accused products to this case; (2) the new accused product "each differ from each other and from the WaveShaper products"; and (3) Mears failed to exercise diligence in discovering its error and seeking leave to amend.

Having considered the parties' arguments and the evidence in the record, the Court is persuaded that Mears has made a showing of good cause sufficient to permit its proposed amendment.  The parties agree, and the Court expressly finds, that the proposed amendment is critical to the plaintiff's case.  The Court is also persuaded that both parties' conduct demonstrates, if not an understanding that Mears' original contentions extended to all of Finisar's WSS products, at least notice to Finisar that such products reasonably fell within the scope of the original contentions.  Accordingly, the Court finds that Mears' first motion merely seeks leave to expressly define the scope of the original contentions; it does not seek to expand that scope. Finisar will suffer no prejudice from such a clarification.  The Court further finds that Mears acted diligently in bringing the matter to the Court, and has adequately explained its failure to expressly include all of Finisar's WSS products in its original contentions.  For these reasons, Mears has shown good cause to amend.

### B. Finisar's Second Motion to Amend (Dkt. No. 95)

In its second motion, Mears seeks leave to amend its contentions to account for the Court's Construction of the term "spatial light modulator."  *See* Claim Construction Order, Dkt. No. 74, at 19-24.  Unlike Mears' first motion, there is no dispute that this proposed amendment represents a

substantial change to Mears' infringement theory. Dkt. No. 95, at 2. Additionally, Mears admits that it failed to comply with the 30-day deadline provided in P.R. 3-6(a)(1) that would have permitted amendment without leave of the Court. Finisar argues that Mears has failed to exercise diligence in seeking leave to amend, and that to allow such a substantial amendment after close of fact discovery and on the eve of trial would severely prejudice Finisar. Dkt. No. 105, at 2.

Having reviewed the evidence in the record and the parties' briefing, the Court agrees with the defendant. Mears' second motion reached the Court more than 60 days after the Court issued its claim construction order and 32 days after the deadline to amend under P.R. 3-6(a). At that time, fact discovery had closed, expert discovery was substantially complete and trial was less than four months away. Nevertheless, Mears only explanation for its delay is a "docketing error" by counsel. Even acknowledging the importance of what is excluded by this order, the Court finds that to allow such a substantial amendment as that proposed by Mears, at such a late hour, would cause substantial and unfair prejudice to Finisar. Accordingly, Mears has failed to make a showing of good cause sufficient to permit amendment.

### III. CONCLUSION

For all of the reasons stated above, the Court **ORDERS** that Plaintiff's Motion for Leave to Amend (Dkt. No. 85) is **GRANTED**, and Plaintiff's Second Motion for Leave to File Amended Infringement Contentions (Dkt. No. 95) is **DENIED**.

**So ORDERED and SIGNED this 6th day of October, 2014.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE