UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MEARS TECHNOLOGIES, INC.,<br><br>   Plaintiff,<br><br>v.<br><br>FINISAR CORPORATION,<br><br>   Defendant. | Case No. 2:13-cv-376 |

# FINISAR CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Because Mears conceded that summary judgment of non-infringement would be warranted if the Court denies Mears's second motion to amend its infringement contentions, and since the Court indeed denied Mears's motion today, Finisar's motion for summary judgment should be granted.

From the beginning of this case and through the end of discovery, Mears has maintained that the LCoS array of Finisar's accused products[1] is the "SLM" element required by the claims of the patent-in-suit.  After the Court issued its claim construction opinion, Mears *expressly conceded* that this infringement theory is without merit and that the LCoS array cannot be the SLM of the claims because it lacks a static wavelength dispersive element:

> Because Mears alleged that the spatial light modulator is limited to the element identified as the dynamic dispersive element, the Court's construction of the SLM [Spatial Light Modulator] term effectively foreclosed Mears's theory of infringement.  **The parties are in complete agreement on this point** . . . .

D.I. 117 (Mears's Opposition to Summary Judgment) at 1 (emphasis added, internal quotations omitted).

In a last-ditch attempt to revive its case, Mears moved the Court for leave to amend its infringement contentions with a new infringement theory, over a month after the appropriate deadline and after the close of fact discovery.  *See* D.I. 95.  Mears *expressly conceded* that in the event the Court denied that motion to amend, it would not have an infringement claim against Finisar:

> Precluding this amendment would effectively mean that **Mears will be unable to maintain its infringement claim**.

D.I. 95 (Second Motion for Leave to Amend Infringement Contentions) at 2 (emphasis added).

> Otherwise, Finisar does not dispute that, absent the amendment sought, **Mears will be unable to sustain its infringement claim**.

---

[1] The Court clarified today that the "accused products" in this case include not only Finisar's WaveShaper products but also "all of Finisar's WSS products." *See* D.I. 121 at 2.

D.I. 113 (Reply in Support of Motion for Leave to Amend Infringement Contentions) at 7 (emphasis added).

> [U]nless Mears is allowed to amend its contentions, **it will be unable to maintain its infringement claim against Finisar**.

D.I. 117 at 1 (emphasis added).

Finisar's present motion for summary judgment is based in part on Mears's inability as a matter of law to show infringement based on its original theory of infringement. In its opposition to Finisar's summary judgment motion, Mears also *expressly conceded* that a summary judgment of non-infringement would be warranted if Mears were held to its original theory in the case:

> The following passage sums up Finisar's position regarding Mears' original infringement contentions:
>
>> Because Mears alleged that the spatial light modulator is limited to the element identified as the dynamic dispersive element, the Court's construction of the SLM [Spatial Light Modulator] term effectively foreclosed Mears's theory of infringement.
>
> The parties are in complete agreement on this point – unless Mears is allowed to amend its contentions, it will be unable to maintain its infringement claim against Finisar.

D.I. 117 at 1. Indeed, Mears's opposition to Finisar's summary judgment is based entirely on the hypothetical scenario where Mears's motion to amend its infringement theory is allowed by the Court. *See* D.I. 117 at 2-7. In view of the Court's decision today, that hypothetical scenario will not come to pass, and Mears is now definitively limited to its original infringement theory, the one it has repeatedly disavowed.

More specifically, on October 6, 2014, the Court **denied** Mears's motion to amend its contentions to introduce a new theory of infringement (*see* D.I. 121), which by Mears's own admission forecloses any argument that Mears can now maintain an infringement claim against

2

Finisar. Because Mears conceded that summary judgment of non-infringement would be warranted if the Court denies Mears's motion to amend its infringement theory and for all the reasons stated in Finisar's opening brief, the present motion should be granted.

Dated: October 6, 2014

Respectfully submitted,

/s/ *Etai Lahav*

David C. Radulescu
david@radulescullp.com
Tigran Vardanian
tigran@radulescullp.com
Etai Lahav
etai@radulescullp.com
Gregory S. Maskel
greg@radulescullp.com
RADULESCU LLP
136 Madison Avenue, 6th Floor
New York, NY 10016
Phone: (646) 502-5950
Fax: (646) 502-5959

Harry Gillam
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257
gil@gillamsmithlaw.com

*Attorneys for Defendant Finisar Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of the foregoing motion via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ *Etai Lahav*
Etai Lahav

3