IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MEARS TECHNOLOGY, INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CASE NO. 2:13-CV-376-JRG |
| FINISAR CORPORATION, | § § § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Attorneys' Fees (Dkt. No. 128, "Mot.") filed by Defendant Finisar Corporation ("Finisar") pursuant to 35 U.S.C. § 285. Plaintiff Mears Technology, Inc. ("Mears") opposes the motion. (Dkt. No. 129, "Opp.").

The Court, having reviewed the Parties' briefing and the evidence in light of the applicable law, and for the reasons stated below, finds that Finisar's motion for attorneys' fees should be **DENIED**.

## BACKGROUND

On May 3, 2013, Mears brought this action against Finisar alleging infringement of U.S. Patent No. 6,141,361 ("'361 Patent") titled "Wavelength Selective Filter." The '361 Patent generally relates to a tunable optical wavelength selective filter. *See* ('361 Patent at col. 1, ll. 4–5).

On June 17, 2014, the Court issued its *Markman* Order construing the parties' disputed claim terms. (Dkt. No. 74, "*Markman* Order"). One of the disputed terms, "spatial light modulator" ("SLM"), was construed to contain both a dynamically variable wavelength dispersive element and a static wavelength dispersive element. (*Markman* Order at 22–24).

On July 28, 2014, Mears served Finisar with an expert report on infringement and validity by Dr. George Rouskas (Dkt. No. 114-1) and an expert report on damages by Dr. Donald W. Merino (Dkt. No. 115-1).

On July 28, 2014, and August 19, 2014, Mears filed opposed motions for leave to amend its infringement contentions. (Dkt. Nos. 85, 95).

On September 8, 2014, Finisar filed a motion for summary judgment of non-infringement, contending, among other arguments, that the Court's claim construction regarding the SLM was fatal to Mears's theory of infringement. (Dkt. No. 106). In response to Finisar's motion, Mears conceded that the Court's construction "effectively foreclosed Mears's theory of infringement" and asserted that unless the Court granted its then-pending motion for leave to amend its infringement contentions (Dkt. No. 95), it would not be able to maintain this action. *See* (Dkt. No. 117 at 1).

On September 15, 2014, Finisar filed *Daubert* motions seeking to exclude the opinions and testimony of Mears's witnesses, Drs. Rouskas and Merino, asserting, among other arguments, that such opinions were conclusory and unusually short. *See* (Dkt. No. 114 at 1); (Dkt. No. 115 at 2).

On October 6, 2014, this Court denied Mears's second motion for leave to amend its infringement contentions on the basis that the substantial proposed amendments were untimely. (Dkt. No. 121). Following the Court's order denying Mears leave to amend, the parties filed a joint motion to stay this action, in which Mears admitted that it was "unable to maintain its infringement claim against Finisar." *See* (Dkt. No. 123).

On December 30, 2014, this Court granted Finisar's motion for summary judgment of non-infringement and subsequently denied as moot Finisar's pending *Daubert* motions. (Dkt. No. 126).

Defendant Finisar argues that Mears's conduct in this case was exceptional and, accordingly, that Finisar is entitled to attorneys' fees under 35 U.S.C. § 285.

## APPLICABLE LAW

"A court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. A party must prove entitlement to attorney fees by a preponderance of the evidence. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1758 (2014).

"District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness*, 134 S. Ct. at 1756; *see also Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1748 (2014) ("[T]he determination whether a case is 'exceptional' under § 285 is a matter of discretion."). "After determining that a case is exceptional, the district court must determine whether attorney fees are appropriate," which is within the Court's discretion. *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1460 (Fed. Cir. 1998) (citations omitted). An exceptional case "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 134 S. Ct. at 1756.

## DISCUSSION

Finisar argues that (1) Mears pursued exceptionally meritless claims based on clearly invalid claim construction positions and (2) Mears's conduct during the discovery and expert report phases of the litigation was unreasonable. (Mot. at 8, 14). This Court analyzes each of these arguments. In considering Finisar's motion, the Court must evaluate whether Mears's

conduct in this case amounts to litigation misconduct that rises to the level of an "exceptional case" under the totality of the circumstances. *Id.*

### A.  Mears's Infringement Claims Based on its Claim Construction Arguments

Finisar argues that Mears's infringement claims were meritless because they were based on untenable claim construction arguments in direct conflict with the doctrine of prosecution history estoppel. (Mot. at 8–14). Mears responds that its claim construction argument was not untenable and that, more importantly, its infringement claims failed at the summary judgment stage because the Court denied its motion to amend its infringement contentions and not because there was no continuing basis for its infringement claims. (Opp. at 2–5).

Each of the asserted claims require the following limitation from Claim 1: a "[SLM] for displaying computer generated hologram patterns of data as a series combination of a first dynamically variable wavelength dispersive element, and a second static wavelength dispersive element." Mears asserted that limitation did not require construction, whereas Finisar proposed a specific construction requiring that the SLM include both the "first dynamic" dispersive element and the "second static" dispersive element. (*Markman* Order at 19).

Finisar pointed out that, while prosecuting the patent, Mears amended Claim 1 with the following explanation: "The amendment to claim 1 recites a series combination of the two wavelength dispersive elements ***in the [SLM]***. The first of the wavelength dispersive elements is dynamically variable, and the second is static." (*Id.* (emphasis added)).

Mears argued that Finisar's proposed construction was contrary to the teachings of the patent specification and the claim language. (*Markman* Order at 21.) However, Mears never affirmatively proposed a construction that the SLM should ***not*** include both elements, which would have been contrary to statements made during prosecution.

The Court, in its *Markman* Order, found that the SLM limitation contains both a dynamically variable wavelength dispersive element and a static wavelength dispersive element. (*Markman* Order at 22–24).

Though the Court rejected Mears's proposed claim construction, the Court now finds that Mears did not ignore the specification and prosecution history in its claim construction arguments. Thus, Mears's conduct in the present case is unlike that of the patentee's in *MarcTec*. *See MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 914–15 (Fed. Cir. 2012) (affirming a district court's ruling of an exceptional case in part because the patent owner ignored the specification and prosecution history in its claim construction arguments). In *MarcTec*, the district court found that the plaintiff pursued its allegations even though the plaintiff knew the infringement claims were baseless and continued to pursue its frivolous case based on mischaracterizations of the claim construction adopted by the court. *See id.* at 915–17. In contrast, Mears's infringement allegations here had merit under its proposed plain and ordinary meaning construction of this claim term. The Court concludes that Mears's position was legitimate and does not, by itself, give rise to a finding of exceptionality.

**B.     Mears's Motions to Amend its Infringement Contentions and Finisar's Motion for Summary Judgment of Non-Infringement**

Finisar next argues that Mears did not fulfill its affirmative duty to "continually assess the soundness of pending infringement claims." (Mot. at 12 (*citing Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1328 (Fed. Cir. 2013))).

After the Court's *Markman* Order, which was unfavorable to Mears's infringement position, Mears filed motions for leave to amend its infringement contentions. (Dkt. Nos. 85, 95). Finisar then filed a motion for summary judgment of non-infringement, contending that the Court's claim construction regarding the SLM was fatal to Mears's theory of infringement. (Dkt.

No. 106). In response to Finisar's motion, Mears conceded that the Court's construction "effectively foreclosed Mears's theory of infringement." Mears then also admitted that, unless the Court granted its then-pending motion for leave to amend its infringement contentions (Dkt. No. 95), Mears would not be able to sustain this action. *See* (Dkt. No. 117 at 1).

After the Court denied Mears's request to amend its infringement contentions, the parties filed a joint motion to stay this action, in which Mears agreed that it was "unable to maintain its infringement claim against Finisar." *See* (Dkt. No. 123).

As discussed above, the plaintiff in *MarcTec* continued to pursue the litigation even after asserting an unreasonable construction and receiving an adverse claim construction. *MarcTec*, 664 F.3d 907 at 919. In contrast, Mears twice conceded that its infringement positions were untenable under the Court's claim construction unless the Court granted Mears relief. Here, Mears's representations indicate that its litigation behavior was reasonable and does not rise to the level of exceptionality. The Court finds that Mears's concessions undoubtedly reflect fulfillment of its duty to assess the soundness of its pending claims and to accurately represent to the Court the strengths of Mears's case. Given the unfavorable claim construction, Mears thereafter acted reasonably and in no way attempted to run away from what the Court's construction meant for its case as a whole.

### C. Mears's Litigation Conduct

Finisar also argues that Mears's litigation strategy was cavalier and unreasonable. In support, Finisar asserts that Mears only took one 30(b)(6) deposition lasting five hours, did not serve any interrogatories, expended little or no effort to review documents that Finisar produced, and served exceptionally conclusory expert reports—both fewer than ten pages. (Mot. at 14).

Mears argues that its reliance on publically-available information was sufficient to support its infringement claim and that it exercised sound judgment about the proper approach to the lawsuit. (Opp. at 5–6). Further, Mears argues that it merely proceeded in an "expeditious and streamlined manner." (Opp. at 6).

While the expert reports served in this case are indeed shorter than those typically served in an average patent case, the Court is not disposed to judge the underlying strength of the reports based purely on their brevity. It was Mears's prerogative to conduct its litigation in the streamlined manner it determined was most appropriate, as long as such approach is reasonable, as it was here.

This Court finds that Mears's litigation strategy in this case falls within the spectrum of a streamlined prosecution of litigation and, though unsuccessful, does not rise to exceptional behavior. "This Court does not view every plaintiff's loss as an automatic indicator that the case is exceptional. A finding of exceptionality is something that this Court arrives at reluctantly, lest we unintentionally narrow the public's access to the courts by chilling future decisions to seek redress for a case in which success is not guaranteed." *See eDekka*, No. 2:15-cv-541-JRG, slip op. at 8–9 (E.D. Tex. Dec.17, 2015). While Mears filed to succeed, its conduct is not exceptional under the § 285 standard.

## CONCLUSION

Considering the totality of the circumstances, the Court finds that Finisar has not demonstrated by a preponderance of evidence that the case stands out from others with respect to litigation misconduct by the Mears so as to be deemed exceptional. *See Octane Fitness*, 134 S. Ct. at 1758.

For the reasons above, the Court holds that this case is not "exceptional" under 35 U.S.C. § 285 and **DENIES** Finisar's Motion for Attorneys' Fees (Dkt. No. 128).

**So ORDERED and SIGNED this 21st day of December, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE